UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BRITTANY N. ISOM, Individually and as Mother and Next Friend of MARKAVIAN D. ISOM, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Civil Action No. 2:25-cv-2862 |
| AMAZON.COM, INC., et al. | ) ) ) |
| Defendants. | ) |

**UNIVERSAL PROTECTION SERVICE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Universal Protection Service, LLC ("UPS"), by and through counsel and pursuant to Federal Rule of Civil Procedure 12, hereby files its Answer to Plaintiff's Complaint as follows:

**I.      PARTIES**

1.      UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same and demands strict proof thereof.

2.      UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 2 of the Complaint, and therefore denies the same and demands strict proof thereof.

3. UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 3 of the Complaint, and therefore denies the same and demands strict proof thereof.

4. UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same and demands strict proof thereof.

5. UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same and demands strict proof thereof.

6. UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 6 of the Complaint, and therefore denies the same and demands strict proof thereof.

7. UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of the Complaint, and therefore denies the same and demands strict proof thereof.

8. UPS admits the allegations contained in Paragraph 8 of the Complaint relative to the corporate information and registered agent of UPS.

## II.   JURISDICTION AND VENUE

9. UPS incorporates and adopts its responses to Paragraphs 1-8 of the Complaint, above, as though re-alleged with particularity.

10. UPS admits that Paragraph 10 of Plaintiff's Complaint accurately sets forth the alleged causes of action implicated by the Complaint. UPS admits that jurisdiction and venue properly rest with the United States District Court for the Western District of Tennessee.

11. UPS admits that the United States District Court has subject matter jurisdiction over this action.

12. UPS admits that venue is appropriate in the Western District of Tennessee.

### III.   FACTS

13. UPS incorporates and adopts its responses to Paragraphs 1-12 of the Complaint, above, as though re-alleged with particularity.

14. UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 14 of the Complaint, and therefore denies the same and demands strict proof thereof.

15. UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 15 of the Complaint, and therefore denies the same and demands strict proof thereof.

16. As to the allegations contained in Paragraph 16 implicating UPS in the incident that is the subject of Plaintiff's Complaint, UPS denies the same and specifically denies that it provided any services to the Amazon Facility at issue in August of 2024. As to the allegations in Paragraph 16 relative to other alleged security providers named as defendants in this cause, UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 16 of the Complaint, and therefore denies the same and demands strict proof thereof.

17. UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 17 of the Complaint, and therefore denies the same and demands strict proof thereof.

18. UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 18 of the Complaint, and therefore denies the same and demands strict proof thereof.

19. As to the allegations contained in Paragraph 19 implicating UPS in the incident that is the subject of Plaintiff's Complaint, UPS denies the same and specifically denies that it provided any services to the Amazon Facility at issue at the time of the incident that forms the basis of Plaintiff's Complaint. As to the allegations in Paragraph 19 relative to other defendants in this cause, UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 19 of the Complaint, and therefore denies the same and demands strict proof thereof.

20. As to the allegations contained in Paragraph 20 implicating UPS in the incident that is the subject of Plaintiff's Complaint, UPS denies the same and specifically denies that it provided any services to the Amazon Facility at issue at the time of the incident that forms the basis of Plaintiff's Complaint. As to the allegations in Paragraph 20 relative to other defendants in this cause, UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 20 of the Complaint, and therefore denies the same and demands strict proof thereof.

21. As to the allegations contained in Paragraph 21 implicating UPS in the incident that is the subject of Plaintiff's Complaint, UPS denies the same and specifically denies that it provided any services to the Amazon Facility at issue at the time of the incident that forms the basis of Plaintiff's Complaint. As to the allegations in Paragraph 21 relative to other defendants in this cause, UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 21 of the Complaint, and therefore denies the same and demands strict proof thereof.

22. UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 22 of the Complaint, and therefore denies the same and demands strict proof thereof.

23. As to the allegations contained in Paragraph 23 implicating UPS in the incident that is the subject of Plaintiff's Complaint, UPS denies the same and specifically denies that it provided any services to the Amazon Facility at issue at the time of the incident that forms the basis of Plaintiff's Complaint. As to the allegations in Paragraph 23 relative to other defendants in this cause, UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 23 of the Complaint, and therefore denies the same and demands strict proof thereof.

24. As to the allegations contained in Paragraph 24 implicating UPS in the incident that is the subject of Plaintiff's Complaint, UPS denies the same and specifically denies that it provided any services to the Amazon Facility at issue at the time of the incident that forms the basis of Plaintiff's Complaint. As to the allegations in Paragraph 24 relative to other defendants in this cause, UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 24 of the Complaint, and therefore denies the same and demands strict proof thereof.

### IV.  Claims

25. UPS incorporates and adopts its responses to Paragraphs 1-24 of the Complaint, above, as though re-alleged with particularity.

26. As to the allegations contained in Paragraph 26 (and the sub-paragraphs thereof) implicating UPS in the incident that is the subject of Plaintiff's Complaint, UPS denies the same and specifically denies that it provided any services to the Amazon Facility at issue in August of 2024. As to the allegations in Paragraph 26 relative to other defendants in this cause, UPS is

without sufficient knowledge to either admit or deny the allegations contained in Paragraph 26 of the Complaint, and therefore denies the same and demands strict proof thereof.

27. As to the allegations contained in Paragraph 27 implicating UPS in the incident that is the subject of Plaintiff's Complaint, UPS denies the same and specifically denies that it provided any services to the Amazon Facility at issue in August of 2024. As to the allegations in Paragraph 27 relative to other defendants in this cause, UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 27 of the Complaint, and therefore denies the same and demands strict proof thereof.

28. As to the allegations contained in Paragraph 28 implicating UPS in the incident that is the subject of Plaintiff's Complaint, UPS denies the same and specifically denies that it provided any services to the Amazon Facility at issue in August of 2024. As to the allegations in Paragraph 28 relative to other defendants in this cause, UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 28 of the Complaint, and therefore denies the same and demands strict proof thereof.

## V.   DAMAGES

29. UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 29 of the Complaint, and therefore denies the same and demands strict proof thereof. UPS denies that it at any time relevant to this matter owed a duty of care to Plaintiff and denies that it is liable in any way to Plaintiff.

30. UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 30 of the Complaint, and therefore denies the same and demands strict proof thereof. UPS denies that it at any time relevant to this matter owed a duty of care to Plaintiff and denies that it is liable in any way to Plaintiff.

31. UPS is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 30 of the Complaint, and therefore denies the same and demands strict proof thereof. UPS denies that it at any time relevant to this matter owed a duty of care to Plaintiff and denies that it is liable in any way to Plaintiff.

32. Any allegation in Plaintiff's Complaint that has not been admitted, denied, or explained hereinabove is hereby denied as though with particularity.

## VI.    AFFIRMATIVE DEFENSES

1. UPS realleges and incorporates its responses to Paragraphs 1-32 of the Complaint set forth hereinabove as though done so with particularity.

2. UPS would assert that Plaintiff's Complaint fails to state a claim against UPS upon which relief can be granted, as UPS provided no security services to the Amazon facility at issue in Plaintiff's Complaint and therefore UPS owed no duty to the decedent.

3. UPS would assert that it committed no negligence, recklessness, misfeasance, or malfeasance relative to the decedent.

4. UPS would assert that the sole and proximate cause of the occurrence complained of in this case was the negligence, recklessness, or intentional acts of third parties, either named in this suit or otherwise. Accordingly, Plaintiff is not entitled to recover anything from UPS.

5. UPS reserves the right to amend this Answer to assert such other and further defenses as may become known through discovery in this matter.

WHEREFORE, Defendant Universal Protection Service, LLC would respectfully request and move as follow:

(a)    That Plaintiff's Complaint be dismissed with prejudice;

(b)    That UBM recover the costs and attorneys' fees incurred in defending this matter;

(c) That this Court award such other, further, and general relief as it sees fit.

(d) That all costs of this matter be taxed to Plaintiff.

Respectfully Submitted

**EVANS HARRISON HACKETT PLLC**

By: */s/ Scott M. Shaw*
Scott M. Shaw, BPR No. 017191*
835 Georgia Avenue, Suite 800
Chattanooga, TN 37402
Telephone:     423-693-2179
Facsimile:     423-648-7897
Email:  sshaw@ehhlaw.com
*Attorneys for Defendant*
*Universal Protection Service, LLC*

*Pro Hac Vice Admission Pending*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of this pleading has been served upon all parties and/or counsel listed below by placing it in the United States Mail, addressed to said parties with sufficient postage to carry the same to its destination and/or vis the Court's ECF system, on this 17th day of September, 2025.

| | |
|---|---|
| Jose Linares<br>ALEXANDER SHUNNARAH TRIAL ATTORNEYS<br>100 Bluegrass Commons Blvd., Suite 2165<br>Hendersonville, TN 37075 | Gardaworld Security Services Management Company, Inc<br>c/o CT Corporation System<br>300 Montvue Drive<br>Knoxville, TN 37919-5546 |
| Wilson, Elser, Moskowitz, Edelman & Dicker, LLP<br>Lynsie Gaddis Rust, Esq.<br>100 Mallard Creek Road, Suite 250<br>Louisville, KY 40207 | Securitas Security Services USA, Inc.<br>c/o National Registered Agents, Inc.<br>300 Montvue Drive<br>Knoxville, TN 37919-5546 |
| Gardaworld Security Services, Inc.<br>c/o CT Corporation System<br>5661 Telegraph Road, Suite 4B<br>St. Louis, MO 63129-4275 | |

**EVANS HARRISON HACKETT PLLC**

By: */s/ Scott M. Shaw*
Scott M. Shaw, BPR No. 017191